# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICIA ANNE FANELLI,
  Appellant,

  v.

DEPARTMENT OF DEFENSE,
  Agency.

DOCKET NUMBER
PH-1221-13-0019-B-1

DATE: January 13, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patricia Anne Fanelli, Broomall, Pennsylvania, pro se.

Lida V. Kianoury, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the remand initial decision, FIND that the appellant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

established jurisdiction over her IRA appeal and proved her prima facie case of reprisal for a protected disclosure, FIND that the agency failed to prove by clear and convincing evidence that it would have taken the same action in the absence of the protected disclosure, and ORDER corrective action.

## BACKGROUND

¶2        It is undisputed that the appellant, a Cost Price Analyst with the agency's Defense Contract Management Agency (DCMA), was reassigned from her duty station in Ridley Park, Pennsylvania, to Philadelphia, Pennsylvania, effective October 20, 2013. *Fanelli v. Department of Defense*, MSPB Docket No. PH-1221-13-0019-W-1, Petition for Review (PFR) File, Tab 7 at 4; *Fanelli v. Department of Defense*, MSPB Docket No. PH-1221-13-0019-B-1, Remand File (RF), Tab 1 at 2.  The appellant has asserted, and the agency has not disputed, that, prior to May 2012, the appellant disclosed to DCMA in memoranda that a Government contractor engaged in financial misconduct.  RF, Tab 5 at 5.  After the agency failed to respond to the appellant's memoranda, she filed a qui tam lawsuit under the False Claims Act on or around May 29, 2012, alleging that the Government contractor had charged the Government for equipment that was not ordered and inflated the prices of other equipment by hundreds of millions of dollars.  *Id.* at 5, 11-12.  Shortly after she filed the qui tam lawsuit, the agency threatened to reassign the appellant to a different geographic location.  *Fanelli v. Department of Defense*, MSPB Docket No. PH-1221-13-0019-W-1, Initial Appeal File (IAF), Tab 1 at 25, Tab 3 at 5.

¶3        Following the threatened reassignment, the appellant filed a complaint with the Office of Special Counsel (OSC), wherein she alleged that the agency threatened to reassign her in reprisal for having filed a qui tam lawsuit.  IAF, Tab 1 at 16-19.  After OSC terminated its investigation into her allegations, the appellant filed an IRA appeal with the Board seeking corrective action.  *Id.*  She did not request a hearing.  *Id.* at 6.  While the appeal was pending, the agency

notified the appellant that it was moving forward with its plan to reassign her, effective October 20, 2013. PFR File, Tab 7 at 4.

¶4 The administrative judge issued an initial decision, which denied the appellant's request for corrective action, IAF, Tab 6, Initial Decision (ID), and the appellant filed a petition for review with the Board. PFR File, Tab 1. The Board remanded the appeal because the administrative judge adjudicated the merits without making a finding on Board jurisdiction and without providing the appellant with explicit information on what is required to establish her burden of proof on jurisdiction. RF, Tab 1 at 2-4.

¶5 On remand, the administrative judge issued a show cause order, which provided the parties with explicit notice of the burdens of proof in an IRA appeal, both at the jurisdictional stage and on the merits. RF, Tab 4. The order instructed the parties to submit evidence and argument on jurisdiction and the merits at the same time. *Id.* at 7. Both parties filed responses. RF, Tabs 5-6.

¶6 In the appellant's response, she asserted that she made a protected disclosure in her qui tam lawsuit because she alleged multiple violations of the False Claims Act against a Government contractor causing financial injury to the Government. RF, Tab 5 at 4-5. She alleged that a copy of her qui tam lawsuit was served on the agency, and she submitted limited portions of her qui tam complaint comprising the case caption, a summary of the action, the table of contents, her demand for a jury trial, and a certificate of service. *Id.* at 5, 8-13. She further alleged that she filed her qui tam complaint after the agency paid little or no attention to her detailed memoranda describing numerous incidents of alleged financial misconduct by the Government contractor. *Id.* at 5. In the agency's response, it did not appear to challenge that the Board has jurisdiction over the appeal and it conceded that the "[a]ppellant will probably be able to prove a prima facie case." RF, Tab 6 at 4. It argued that it proved by clear and convincing evidence that the reassignment was warranted based on concerns that the appellant's lawsuit created a "potential conflict of interest," which required

that the agency reassign her to limit her interaction with the Government contractor against whom she filed the lawsuit. *Id.* The agency asked that the appeal be dismissed or, alternatively, that corrective action be denied on the merits. *Id.* at 6.

¶7 The administrative judge issued a remand initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that she made a protected whistleblowing disclosure concerning the Government contractor's alleged fraud. RF, Tab 7, Remand Initial Decision (RID) at 2, 7-9. The administrative judge also found that the appellant failed to exhaust her administrative remedy before OSC concerning her allegation on remand that the agency ignored the problems with the contractor that she reported in memoranda prior to filing her lawsuit. RID at 8. According to the administrative judge, if the appellant had proven exhaustion over this disclosure, the administrative judge would have concluded that the combination of the alleged disclosure and the qui tam lawsuit constituted a protected disclosure. *Id.* She stated that even if she were to find jurisdiction over the appeal, the agency proved by clear and convincing evidence that it would have reassigned the appellant due to the conflict of interest she created by filing her lawsuit. RID at 9.

¶8 The appellant has filed a petition for review disagreeing with the administrative judge's findings that she failed to establish jurisdiction over the disclosure in her qui tam lawsuit and that the agency proved it would have reassigned her absent her lawsuit. *Fanelli v. Department of Defense*, MSPB Docket No. PH-1221-13-0019-B-1, Remand Petition For Review (RPFR) File, Tab 1 at 4-5, 6-8. The appellant also argues that she is not required to exhaust her administrative remedy before OSC concerning her allegation that she disclosed misconduct by the Government contractor to the agency prior to filing her qui tam lawsuit. *Id.* The agency responded in opposition to her petition. RPFR File, Tab 4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶9       The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations of the following:  (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(a),(e)(1).  After establishing the Board's jurisdiction in an IRA appeal, the appellant then must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that she made a protected disclosure that was a contributing factor in a personnel action taken against her.  *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 6.  If the appellant proves that a protected disclosure or activity was a contributing factor in a personnel action taken against her, the Board must order corrective action unless the agency can establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure.  *Id.*, ¶ 22.

¶10       Here, the appellant did not request a hearing.  IAF, Tab 1 at 6.  The administrative judge informed the appellant of her burden of proof on jurisdiction and informed both parties of their burdens on the merits, and she instructed the parties to submit evidence pertaining to both jurisdiction and the merits at the same time.  RF, Tab 4 at 1-7.  Because the parties were provided a full and fair opportunity below to develop the merits of this appeal, we may decide the matter here without remanding the case for further proceedings.  *Skarada*, 2022 MSPB 17, ¶ 21.  For the reasons set forth herein, we find that the appellant established jurisdiction over her appeal and proved by preponderant evidence that her protected disclosure in her qui tam lawsuit was a contributing factor in her reassignment.  We find that the agency failed to meet its burden to prove by clear and convincing evidence that it would have taken the same action in the absence

of the protected disclosure, and we therefore order the agency to take corrective action.

<u>The appellant proved that she exhausted a protected disclosure with OSC.</u>

¶11    The first element required to establish Board jurisdiction over an IRA appeal is that the appellant exhausted her administrative remedies before OSC. *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd per curiam*, 626 F. App'x 261 (Fed. Cir. 2015); *see* 5 U.S.C. §§ 1214(a)(3), 1221(a).  Specifically, under 5 U.S.C. § 1214(a)(3), an employee is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal.  The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation.  *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.  An appellant may demonstrate exhaustion through her initial OSC complaint, correspondence with OSC, or other evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal.  *Id.*, ¶ 11.  The appellant must prove exhaustion with OSC by preponderant evidence.  5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1201.57(c)(1).

¶12    In the remand initial decision, the administrative judge found that the appellant filed a complaint with OSC alleging that the agency reassigned her in reprisal for filing a qui tam lawsuit.  RID at 2.  The parties do not dispute this on review and it is supported by the record.  IAF, Tab 1 at 16, 28.  Although not expressly stated by the administrative judge, we find that the appellant satisfied the exhaustion requirement concerning her disclosure in her qui tam lawsuit that a Government contractor committed illegal financial misconduct.

¶13    The appellant also alleged that she made a protected disclosure when she provided the agency with memoranda describing incidents of alleged misconduct by the Government contractor prior to filing her qui tam lawsuit.  RF, Tab 5 at 5.  The administrative judge found that the appellant failed to exhaust this claim before OSC.  RID at 7.  The appellant does not challenge this finding on review,

and we discern no basis to disturb it. RPFR File, Tab 1 at 5-6. In an IRA appeal, the Board cannot consider allegations of reprisal for whistleblowing activity that have not been raised before OSC. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 9 (2016). Although we acknowledge that an appellant may give a more detailed account of her whistleblowing activities before the Board than she did to OSC, *Chambers*, 2022 MSPB 8, ¶ 10 (citing *Briley v. National Archives & Records Administration*, 236 F.3d 1373, 1378 (Fed. Cir. 2001)), the appellant's correspondence with OSC did not reference, explicitly or implicitly, additional disclosures beyond her qui tam lawsuit. IAF, Tab 1 at 25-30. Further, there is no assertion or evidence in the record that OSC initiated inquiries that might have uncovered other disclosures. Rather, the appellant stated to OSC that her qui tam lawsuit was the "sole basis" for her reassignment. *Id.* Accordingly, we do not believe that OSC had a sufficient basis to investigate additional disclosures beyond the qui tam lawsuit, and the Board is therefore precluded from considering the appellant's allegation that she made a protected disclosure to the agency in memoranda that predate the filing of her qui tam lawsuit.

¶14    The appellant argues that her reassignment is directly appealable to the Board and therefore exhaustion of this additional disclosure was not required. RPFR File, Tab 1 at 5-6. She is mistaken. The appellant's reassignment, which she has not claimed resulted in any loss of grade or base pay, cannot be appealed directly to the Board. *Sazinski v. Department of Housing & Urban Development*, 73 M.S.P.R. 682, 685 (1997); *see Talley v. Department of the Army*, 50 M.S.P.R. 261, 263 (1991) (stating that reassignments and transfers generally are not appealable to the Board); *Burkwist v. Department of Transportation*, 27 M.S.P.R. 419, 420 (1985) (explaining that the Board looks at base pay to determine if an appellant suffered an appealable reduction in pay). Accordingly, the appellant must satisfy the jurisdictional requirements for bringing an IRA appeal, including proof that she exhausted her disclosures with OSC.

<u>The disclosure in the appellant's qui tam lawsuit is protected pursuant to 5 U.S.C. § 2302(b)(8).</u>

¶15    Having found that the appellant exhausted with OSC her claim that the agency reassigned her to a different geographic location in retaliation for her qui tam lawsuit, we next consider whether the appellant has nonfrivolously alleged that her disclosure in the qui tam lawsuit was protected. For a disclosure to be protected under 5 U.S.C. § 2302(b)(8), the employee must have had a reasonable belief that the disclosure evidenced "(i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A). The Board has adopted as the test for such a reasonable belief: whether a "disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee [could] reasonably conclude that the actions of the government evidence" one of the situations set out in 5 U.S.C. § 2302(b)(8). *Sinko v. Department of Agriculture*, 102 M.S.P.R. 116, ¶ 15 (2006) (quoting *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999)).[2]

¶16    The Board has held that disclosures of wrongdoing by a nongovernment entity may constitute protected disclosures when the Government's interests and good name are implicated in the alleged wrongdoing and the employee shows that she reasonably believed that the information she disclosed evidenced that wrongdoing. *Miller v. Department of Homeland Security*, 99 M.S.P.R. 175, ¶ 12 (2005). The administrative judge considered the portions of the appellant's qui tam lawsuit that she submitted on remand and found that her allegation that a Government contractor was committing fraud, without more, did not include an allegation that the Government itself was involved in the alleged wrongdoing or

---

[2] Pursuant to the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510 (2018) (codified at 5 U.S.C. § 7703(b)(1)(B)), appellants may file petitions for judicial review of Board decisions in certain whistleblower reprisal appeals with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of competent jurisdiction.

otherwise implicated the Government's interests and good name. RID at 7-8. We disagree.

¶17 The appellant alleged that a Government contractor, acting under the oversight of the DCMA, illegally inflated prices for the acquisition of equipment by hundreds of millions of dollars and that it charged the Government for parts that it did not purchase or order in violation of the False Claims Act. RF, Tab 5 at 9, 11. She alleged that she had a reasonable belief that these allegations were true based on her "extensive analysis" over a significant period of time in her roles as a cost analyst and auditor. *Id.* at 5. On its face, the appellant's allegation that the Government contractor charged the Government for parts that were not ordered and inflated prices violates the law. Because it is the agency's role to administer contracts for the Department of Defense and other Federal agencies, any improprieties in the administration of those contracts, particularly allegations of illegal price inflation, a cost which would necessarily flow to the taxpayers, could harm the reputation of the agency and, by extension, the Government as a whole.[3] *See Arauz v. Department of Justice*, 89 M.S.P.R. 529, ¶ 7 (2001) (finding that the Government's interests and good name were implicated in allegations of wrongdoing by a private organization, which performed functions within the scope of the agency's overall responsibilities and, accordingly, the agency was in a position to influence or exercise oversight over the organization's performance of those functions).

¶18 Further, the appellant declared, under penalty of perjury, and the agency did not dispute, that she disclosed these improprieties to DCMA in detailed

---

[3] According to the agency's website, "[t]he Defense Contract Management Agency provides contract administration services for the Department of Defense, other federal organizations and international partners, and is an essential part of the acquisition process from pre-award to sustainment. Every business day, DCMA receives nearly 1,000 new contracts and authorizes more than $650 million in payments to contractors." Defense Contract Management Agency, http://www.dcma.mil (last visited Jan. 13, 2023).

memoranda, to which DCMA "paid little to no attention." RF, Tab 5 at 3, 5. The agency has not disputed that the appellant had a reasonable belief that her disclosure was true, conceding that the appellant "will probably be able to prove a prima facie case," and stating the following: "In the course of performing her duties as a Cost Price Analyst, Appellant found apparent accounting irregularities, mischarges, and/or other form of illegal activity on the part of [the Government contractor]." RPFR File, Tab 4 at 5, 9. An uncontested declaration subscribed under penalty of perjury, as is the case here, proves the facts it asserts. RF, Tab 5 at 3; *Tram v. U.S. Postal Service*, 120 M.S.P.R. 208, ¶ 8 (2013). We therefore find that the appellant both nonfrivolously alleged and proved by preponderant evidence that she reasonably believed she was disclosing a violation of law, rule, or regulation by a Government contractor, which implicated the agency's interests and good name, and therefore her disclosure was protected pursuant to 5 U.S.C. § 2302(b)(8).

The appellant's disclosure was a contributing factor in her reassignment.

¶19 The last element of jurisdiction requires the appellant to nonfrivolously allege that her protected disclosure was a contributing factor in a personnel action taken by the agency. 5 U.S.C. § 1221(a), (e)(1). The term "contributing factor" means any disclosure that affects an agency's decision to threaten, propose, take, or not take a personnel action regarding the individual who made the disclosure. 5 C.F.R. § 1209.4(d).

¶20 The appellant asserted that she was subjected to a personnel action when the agency "transferred" her to a new geographic location approximately 25 miles from her duty station. RF, Tab 5 at 5. Federal employees may seek corrective action for retaliatory "detail[s], transfer[s], or reassignment[s]" in an IRA appeal. *See* 5 U.S.C. § 2302(a)(2)(A)(iv) (defining "personnel action" to include such actions). Transfers and reassignments involve a change of position either within the agency or to another agency. 5 C.F.R. § 210.102(b)(10), (12), (18); *see Onasch v. Department of Transportation*, 63 M.S.P.R. 158, 162-63 (1994)

(applying the definitions at 5 C.F.R. § 210.102(b) to determine whether an appellant suffered a personnel action under 5 U.S.C. § 2302(a)(2)(A)(iv)). Although it is unclear whether the appellant's job duties or job title changed when she was reassigned to Philadelphia, she has asserted under penalty of perjury that she was subjected to a significant change in working conditions because her commuting time increased at least three-fold and her wage taxes increased by 3.495%. PFR File, Tab 7 at 3-4. Therefore, regardless of whether the appellant's relocation constituted a reassignment or transfer, we find it was a significant change in her working conditions, which is actionable in an IRA appeal. *See* 5 U.S.C. § 2302(a)(2)(A)(xii) (defining a personnel action, in part, as "any . . . significant changes in duties, responsibilities, or working conditions"); *see Shivaee v. Department of the Navy*, 74 M.S.P.R. 383, 388 (1997) (finding that relocation from within to outside a base, without more, is not a "significant change" in working conditions). The agency does not appear to dispute that it subjected the appellant to a personnel action. RPFR File, Tab 4. Accordingly, we agree with the administrative judge that the appellant proved, under both the nonfrivolous allegation and preponderant evidence standards, that she was subjected to a personnel action. RID at 3.

¶21    As to contributing factor, the parties agree that the appellant's filing of the qui tam lawsuit, which the agency asserts created a conflict of interest, was the sole factor in the agency's decision to initiate the reassignment. RF, Tab 5 at 5; RPFR File, Tab 4 at 5-7. In the initial decision, the administrative judge found the agency reassigned her not because she revealed improprieties on the part of the contractor, but because she became a plaintiff in a lawsuit against the contractor. ID at 4-6. Although this finding was not contained in the remand initial decision, we nonetheless address it here and find that it is incorrect.

¶22    In *Marano v. Department of Justice*, 2 F.3d 1137, 1138 (Fed. Cir. 1993), an analogous case decided by the U.S. Court of Appeals for the Federal Circuit, the Federal employee petitioner signed a memorandum to an agency official alleging

mismanagement, which prompted an investigation of his office. As a result of the management problems discovered during the investigation, the employee and others were reassigned. *Id.* at 1138-39. In the employee's case, his reassignment was to a new geographic location. *Id.* He filed an IRA appeal with the Board, wherein he alleged that the protected disclosures in his memorandum were a contributing factor in his reassignment. *Id.* at 1139. The administrative judge found that the employee failed to establish contributing factor because the agency reassigned him as a result of the investigation, which revealed management problems inside his office, and not because of the content of his memorandum. *Id.* The Federal Circuit reversed this finding, holding that an employee need only "demonstrate . . . that the fact of, or the content of, the protected disclosure was one of the factors that tended to affect in any way the personnel action." *Id.* at 1143. It found the employee met his burden because the content of his disclosure was the reason the agency conducted the investigation which verified his disclosure and, in turn, led to his reassignment. *Id.* Applying this reasoning, which we find persuasive, we find here that the appellant's qui tam lawsuit gave the agency the reason for its decision to reassign her, and she has therefore established contributing factor under both the nonfrivolous allegation and preponderant evidence standards.

The agency failed to show by clear and convincing evidence that it would have reassigned the appellant in the absence of her whistleblowing disclosure.

¶23      Because the appellant met her burden to prove that she made a protected disclosure that was a contributing factor in the agency's decision to take a personnel action against her, we must order corrective action unless the agency shows by clear and convincing evidence that it would have taken the personnel action in the absence of the whistleblowing. 5 U.S.C. § 1221(e). In determining whether an agency has shown by clear and convincing evidence that it would have taken the personnel action in the absence of the whistleblowing, the Board generally will consider the following factors: (1) the strength of the agency's

evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *See Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). These factors are commonly referred to as the *Carr* factors.

¶24      In the remand initial decision, the administrative judge found, without elaboration, that even if the appellant established jurisdiction over her IRA appeal, the agency proved by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosure.[4] RID at 9.  For the following reasons, we disagree.

¶25      The Board has held that when the personnel action at issue is not disciplinary in nature, the first *Carr* factor does not apply straightforwardly and it is appropriate to consider the broader question of whether the agency had legitimate reasons for its action. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 23.  In this case, evidence regarding whether the agency had legitimate reasons for reassigning the appellant to a different geographic location is lacking.  The agency's counsel stated in various pleadings that the appellant's qui tam lawsuit created a "potential conflict of interest," which required her reassignment to a different duty station in order to limit her interaction with the Government contractor who was named in her lawsuit.  *E.g.*, IAF, Tab 3 at 7; PFR File, Tab 4 at 7; RPFR File, Tab 4 at 9-10.  Statements by a party's representative are not evidence, and there is no indication in the record that the agency's counsel had

---

[4] In the initial decision, it appears that the administrative judge implicitly analyzed the first two *Carr* factors, finding that the agency had strong reasons for reassigning the appellant because she created a conflict of interest by filing her lawsuit, and that it was the fact of filing the lawsuit, and not the content of the disclosure, that caused the conflict of interest.  ID at 4-6.  Because this analysis was not repeated in the remand initial decision, we need not explicitly reverse it, but for the reasons set forth above, we disagree with these findings.

firsthand knowledge of the reassignment decision. *See Hendricks v. Department of the Navy*, [69 M.S.P.R. 163](#), 168 (1995). The agency did not submit a declaration or sworn statement from any individual with firsthand knowledge of the appellant's reassignment.

¶26    Even crediting the agency's assertion that the appellant's qui tam lawsuit created a "potential conflict of interest," it has not explained the appellant's job duties at her original duty station; how a conflict of interest arose, or could have arisen, due to the appellant's lawsuit; the nature of the conflict of interest; whether there were other job duties that the appellant could have performed without a reassignment; why the agency selected a duty station in Philadelphia, 25 miles away from Ridley Park, for the reassignment; and whether the appellant ceased working on matters involving the contractor after her reassignment. The agency has wholly failed to justify its reassignment decision, and therefore, this factor weighs in favor of the appellant. *See Smith*, [2022 MSPB 4](#), ¶¶ 4-5, 23-26 (finding that the evidentiary record did not support the agency's explanation for its decision not to select the appellant for a vacant position, and thus *Carr* factor 1 weighed against the agency). The agency has not put forth any evidence as to the second or third *Carr* factors.[5] Although the agency does not have an affirmative burden to produce evidence concerning each and every *Carr* factor, the Board has held than an agency's failure to present evidence of similarly situated employees cannot weigh in its favor. *Soto v. Department of Veterans Affairs*, [2022 MSPB 6](#), ¶ 18. In viewing the *Carr* factors as a whole, the agency has failed to put forth evidence to meet its burden of showing by clear and convincing evidence that it would have taken the action in the absence of the appellant's protected disclosures.

---

[5] Relevant to *Carr* factor 2, the appellant stated in a filing to OSC that the agency has a "policy of transferring all employee-whistleblower complainants." IAF, Tab 1 at 38. Although the agency has not disputed this allegation, we afford it little weight because the appellant did not provide any specific details in support of her assertion.

¶27        Based on the foregoing, we find that the appellant is entitled to corrective action under 5 U.S.C. § 1221(g)(1) in connection with her assignment to a different geographic location.

**ORDER**

¶28        We ORDER the agency to cancel the appellant's reassignment to Philadelphia, Pennsylvania, and reinstate her to her duty station in Ridley Park, Pennsylvania, effective October 20, 2013.    5 U.S.C. § 1221(g)(1)(A)(i); *see Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶29        We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶30        We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶31        No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not

fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶32     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST CONSEQUENTIAL AND/OR COMPENSATORY DAMAGES

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202 and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE PARTIES

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

## NOTICE OF APPEAL RIGHTS[6]

This is the final decision of the Merit Systems Protection Board in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.